UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD FRANK STANLEY, C80900,<br>　　　　　Petitioner,<br>　　v.<br>RON BROOMFIELD, Warden,<br>　　　　　Respondent. | Case No. 20-cv-05420-CRB  (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner, a prisoner at San Quentin State Prison's (SQSP) death row and frequent litigant in federal court, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging various aspects and conditions of his confinement, including denial of access to the courts and misconduct by prison guards.

Based on petitioner's prior affidavits of poverty, leave to proceed IFP is GRANTED. But the petition for a writ of habeas corpus is DISMISSED without prejudice to filing a civil rights complaint under 42 U.S.C. § 1983.[1]

It is well established in the Ninth Circuit that habeas jurisdiction is absent, and a § 1983 action proper, where, as here, a successful challenge to a prison condition or event will not necessarily shorten the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the preferred practice in this circuit has been that challenges to conditions of confinement be brought in a civil rights complaint under § 1983. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought

---

[1] It appears that plaintiff already has brought the same claims brought here in a civil rights complaint under § 1983. See Stanley v. Broomfield, No. 20-cv-6111-SK (N.D. Cal. filed Aug. 31, 2020).

in civil rights complaint).

The clerk is instructed to close the file and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated:  September 8, 2020

_____
CHARLES R. BREYER
United States District Judge